In the Matter of the Application of Douglas Walter LUNA For Admission to the Practice of Law in Alaska and Membership in the Alaska Bar Association.

No. 2789.

Supreme Court of Alaska.

Oct. 7, 1977.

---

Joseph A. Kalamarides, Anchorage, for appellant.

Donna C. Willard, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR and BURKE, Justices.

## OPINION

BURKE, Justice.

This matter comes to us in the form of an appeal from an order of the Board of Governors of the Alaska Bar Association. Such order places certain limitations on discovery sought by the appellant in a separate and pending appeal to the Board of Governors, which was filed after the appellant was denied certification to this court for admission to the practice of law.[1]

Appellant Douglas Luna took the July, 1975, Alaska bar examination and failed it. As a result of such failure he was denied certification to this court for admission to practice. Four other individuals similarly situated filed statements of appeal pursuant to Rule I–7, Section 1, Rules of the Alaska Bar Association. That section provides, in part:

An applicant . . . who has been denied certification to the Supreme Court for admission to practice shall have the right within thirty days after notice of such denial to file with the Board a written verified statement of appeal.

Luna did not file a statement of appeal. Instead, he requested that he be allowed to join in the appeal filed by two of the other unsuccessful applicants. His request was granted and, because of the similarity of issues, the Board ordered, on December 4, 1975, that the appeal of all five applicants be consolidated. Later, by stipulation, all of the appeals except Luna's were dismissed.[2]

In the prosecution of his appeal to the Board of Governors, Luna requested that the bar make available to him for inspection and copying a number of materials relating to the bar examination grading process. The Bar Association refused to produce a substantial portion of the requested materials, resulting in a hearing before Daniel Gerety, an attorney appointed to serve as master in the appeal.[3] After considering the arguments and memoranda submitted, the master ordered that the Bar Association produce the majority of the requested materials, holding that under Rule I–7, Rules of the Alaska Bar Association,[4] the appel-

---

1. Rule I–6, Section 3, Rules of the Alaska Bar Association, provides in part:

 Upon receiving certification of the eligibility of an applicant [from the Board of Governors of the Alaska Bar Association] the Supreme Court may enter an order admitting the applicant as an attorney at law in all courts of the state and to membership in the Alaska Bar Association.

2. The other applicants, all of whom passed a later bar examination, were subsequently admitted to practice.

3. Rule I–7, Section 3 provides in part:

 A master appointed by the President from among the active membership of the [bar] association shall preside at all hearings convened under this rule.

4. Rule I–7, Section 7 provides:

 The applicant shall have the right to call and examine witnesses, to introduce exhibits, to cross-examine opposing witnesses on any matter relevant to the issues, even if not covered in direct examination, to impeach any witness regardless of which party called him, and to rebut the evidence against him. The applicant may be called and examined as if under cross-examination whether or not he testifies on his own behalf. The hearing need not be conducted according to technical rules relating to evidence and witnesses. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient standing alone to support a finding unless it would be admissable over objection in civil actions. The rules of privilege shall be effective to the extent that they are required by civil rules to be recognized. Irrelevant and unduly repetitious evidence shall be excluded. The sworn testimony of a witness subpoenaed under these rules shall be deemed testimony received in a judicial proceeding. In any action for defamation arising out of such sworn testimony the witness shall be entitled to the defense of privilege to the same extent avail-

lant was entitled to utilize all of the discovery procedures contemplated by the Alaska Rules of Civil Procedure. The Bar Association maintained, and continues to maintain, that the only materials to which Luna was entitled were those enumerated in Rule I–4, Section 5, Rules of the Alaska Bar Association.[5]

Dissatisfied with the master's order, counsel for the Bar Association requested a hearing before the Board of Governors. A hearing was held on January 29, 1976. On February 5 the Board handed down an order of its own, substantially limiting the discovery ordered by the master. In addition, the Board ordered that Luna make a $1,000 cash deposit with the Bar Association to defray the cost of the Association in compiling the information to be discovered. This appeal followed.[6]

It is apparent that what Luna seeks, by this appeal, is review of an interlocutory order of the Board regulating discovery rather than a final order from which an appeal may be taken as a matter of right under Rule I–8, Section 1.[7]

In *Sullivan v. Alaska Bar Association*, 551 P.2d 531, 534 (Alaska 1976), under the well established rule that the final power and authority to determine standards for admission to the practice of law in Alaska reside in this court, we held that "this court has the inherent power to intercede at any time in admission matters." Thus, it is clear that we have jurisdiction to consider the issues raised by this appeal. However, in *Sullivan, supra,* we further observed that "considerable administrative responsibility has been delegated to the Alaska Bar Association"[8] and that:

To prevent a dislocation of the respective functions of the Bar Association and this court, we are generally unwilling to intercede in Bar admission cases until the applicant has exhausted his administrative remedies. Thus, we require, if possible, that the petitioner comply with the procedural steps spelled out in the Alaska Bar Rules before this court reviews the case.[9]

In the instant case, we see no compelling reason to depart from the general rule insofar as this appeal concerns the scope of discovery allowed by the Board's order. However, as to one issue we deem it appropriate to exercise our inherent power to intercede. Thus, we hold that the Board exceeded its authority in requiring a cash deposit before allowing Luna to exercise his right to discovery. On the remaining issues we express no opinion.

In *Application of Peterson*, 459 P.2d 703 (Alaska 1969), we held that, as a matter of basic fairness, one in the position of Luna, appealing after failure to achieve a passing

---

able to witnesses in judicial proceedings within the State of Alaska.

5. Rule I–4, Section 5 provides:

If written request is made of the board within one month following notice of failure to pass a bar examination and except to the extent that such material or information is unavailable under the rules or policies of the National Conference of Bar Examiners, an applicant who takes and fails to pass the bar examination has the right to inspect his examination books, the grades assigned thereto, and a representative sampling of passing and failing answers to the bar examination at the office of the Alaska Bar Association, or at such other place and at such time or times as the board may designate. An applicant who passes the bar examination is not entitled to inspect any examination books or discover the grades assigned thereto.

6. This matter was submitted for decision on the briefs, on April 4, 1977.

7. Rule I–8, Section 1 provides:

An appeal to the Supreme Court may be filed by an applicant from a decision of the Board [of Governors] entered as provided in Section 12 of Rule 7.

Rule I–7, Section 12 provides:

The findings of fact, conclusions of law and decision of the Board shall be conclusive as to the matter alleged in applicant's statement of appeal unless an appeal to the Supreme Court shall be filed within thirty days following service upon applicant of the findings of fact, conclusions of law and decision in the manner provided by these rules. (emphasis added).

8. 551 P.2d at 534, quoting from *Application of Peterson*, 499 P.2d 304, 306 (Alaska 1972).

9. 551 P.2d at 534 (footnotes omitted).

grade on a bar examination, is entitled to a "meaningful hearing." In that case, acting "under our inherent powers governing admission to the practice of law and our general supervisory powers pertaining to admissions procedures," we established certain *minimum* guidelines, saying:

> In order for appellant to have been accorded a hearing at the appellate level which would have conformed to minimum standards of basic procedural fairness, he should have been given access to his examination questions, his answers thereto, and the model answers to the particular examination a sufficient time in advance of the appellate hearing before the board. Additionally, we are of the further view that in order to insure the availability of an intelligent review by the board, appellant should also have access to a representative sampling of the examination papers of other applicants who received overall passing and overall failing grades.[10]

To whatever extent Luna is entitled to the materials he has requested in order to avail himself of "a hearing which would satisfy basic concepts of fair procedure",[11] we believe that the deposit requirement contained in the Board's order is in conflict with our holding in *Peterson*.[12] The Bar Association is under a duty to provide those materials, if a timely request is made. In its brief, it has failed to call our attention to any authority supporting the proposition that that obligation can be made subject to

monetary conditions by order of the Board.[13] Under the circumstances of this case, we hold that the Board lacked such authority.

This matter will be remanded to the Board of Governors for further proceedings in conformity with this opinion.

BOOCHEVER, C. J., concurs.

RABINOWITZ, J., dissents in part.

MATTHEWS, J., not participating.

BOOCHEVER, Chief Justice, concurring.

I concur in the opinion of the court but agree with the portion of Justice Rabinowitz' dissent pertaining to his comments with reference to the case of *Sullivan v. Alaska Bar Association*, 551 P.2d 531 (Alaska 1976).

RABINOWITZ, Justice, dissenting in part.

I dissent from the holding that the case does not present any compelling reasons for this court's taking review of the interlocutory discovery order of the Board of Governors.[1] For, in my opinion, appellant Douglas Luna has raised a significant issue of law as to the scope of discovery in bar admission matters, the immediate resolution of which might possibly expedite resolution of this already overly protracted administrative appeal.

As I see it, the issue which calls for review is whether Alaska Bar Rule I–4,

---

10. 459 P.2d at 709 (footnotes omitted).

11. 459 P.2d at 709.

12. Although we have chosen to decline review of the other aspects of the Board's order, we do call attention to the fact that *Peterson* only established *minimal* standards for discovery in admission matters.

13. That portion of the Board's order pertaining to the deposit provides:

> [T]he Petitioners shall deposit $1,000.00 in cash with the Alaska Bar Association to defray the costs of the Association in compiling the information required to comply with this order. The Executive Director of the Alaska Bar Association is directed to bill administrative staff time at an overtime rate against the amount of the deposit and if the deposit is

exhausted to notify the Petitioners and require an additional $1,000.00 deposit to be utilized in the manner above described to defray the additional costs incurred by the Association . . . ..

Apart from its failure to cite any authority for the Board's action in requiring the deposit, the Bar Association has made no showing that the amount of the required deposit is reasonable under the circumstances. In addition, we can find no justification for a requirement that staff time be billed "at an overtime rate" against the deposit. Finally, in its present form, the order conditions *all* rights to discovery on the making of the required deposit.

1. I agree with the court's disposition of the cash deposit issue.

Section 5 fixes the outer limits of discovery in bar admission matters, or whether the rule sets forth the minimum discovery allowable consistent with procedural due process. Given the delay in this matter and the nature of the legal issue involved, I would grant review and address the legal question presented.

Admittedly, footnote 12 of the court's opinion tangentially answers the discovery question which I think should be reviewed. Nevertheless, I deem it more consistent with our appellate functions explicitly to grant review and to address all relevant facets of the subject discovery issue.

One additional point warrants comment. The court quotes *Sullivan v. Alaska Bar Association*, 551 P.2d 531, 534 (Alaska 1976), for the proposition that "this court has the inherent power to intercede at any time in admission matters." In this regard, I believe Justice Dimond's dissent in *Sullivan* bears reiteration. There Justice Dimond wrote, in part:

> If the court has the inherent power to intercede at any time in admission matters, without regard to the requirements of the Bar Rules, then the situation between the Bar and the court is truly chaotic and devoid of any guidelines. The point I wish to make is that because of the manner provided for adoption and effectuation of the Bar Rules, as shown by Rule 60(b) which I have discussed, there is a clear limitation on the inherent power of this court relating to admissions once the court has approved the Bar Rules governing such matters. These rules allocate the functions between the Bar and this court.[2]

---

**2.** *Sullivan v. Alaska Bar Assoc.*, 551 P.2d 531, 541 (Alaska 1976).

Unlike the disciplinary rules which specifically provide for interlocutory review, the Bar Rules governing admission matters are silent on this subject. Thus, where justice calls for intercession, I agree that this court can act. Further, I urge the Board of Governors to submit a proposed rule change which would provide for review by this court of interlocutory orders in Bar admission matters.